■ JEANETTE BIRD, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred originally to the Appellate Division, Second Department, and thereafter by the Appellate Division, Second Department, on its own motion to this court) to review a determination by the State Comptroller, which denied petitioner's application for a redetermination of her member service credit in the New York State Employees' Retirement System. Petitioner, a member of the New York State Employees' Retirement System, was employed as a library clerk in the Long Beach City School District. She intended to retire after 20 years of service and, upon inquiry, was informed by the retirement system that if she retired on September 1, 1975, her retirement benefits would be computed under section 75-i of the Retirement and Social Security Law. Petitioner informed her school administration that she planned to retire at the end of the 1974–1975 school year. It is conceded by the respondent that while the school year is considered to terminate on July 1, petitioner was entitled to a vacation of the months of July and August so that, in actuality, the school year terminated at the end of August. Through error, petitioner listed June 30, 1975 as her retirement date when she filed her retirement papers, although she *was entitled* to designate September 1, 1975 as her retirement date, and in fact, legally served through August 31, 1975. Petitioner explained that she mistakenly listed July 1, 1975 as her retirement date because she and all other full-time faculty worked under a school year calendar that runs from September to the last day in June. Salaries are based on this 10-month period (Education Law, § 3101, subd [3]). It was this method of operation which led petitioner to believe that her 20 years of service ended with her last day of work in her twentieth school year, i.e., June 30, 1975. In our view, we find the determination arbitrary and capricious. Determination annulled, without costs, and matter remitted to respondent for proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.